**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 26-cv-5684-WJM

RACHHPAL SINGH,

Petitioner,

v.

GEORGE VALDEZ, in his official capacity as Field Office Director,
Denver Field Office, Enforcement and Removal Operations,
U.S. Immigration and Customs Enforcement, *et al*.

Respondents.

---

**ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

---

Before the Court is Petitioner Rachhpal Singh's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 1). Respondents George Valdez, in his official capacity as Field Office Director, Denver Field Office, Enforcement and Removal Operations for U.S. Immigration and Customs Enforcement "ICE"); Markwayne Mullin, in his official capacity as Secretary of U.S. Department of Homeland Security ("DHS"); Todd Blanche, in his official capacity as Attorney General of the United States; David Venturella, in his official capacity as Acting Director of U.S. ICE; and Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility ("DCDF") (collectively, "Respondents" or the "Government") filed a cursory response. (ECF No. 7). The Court did not order a reply. Petitioner filed a Response to Respondents' Response and Request for Immediate Release, however. (ECF No. 8).

For the following reasons, the Court grants the Petition.

## I. BACKGROUND

This case presents an all-too-familiar fact pattern. Singh is a citizen and national of India. (ECF No. 1 at ¶ 9.) On or about July 22, 2024, Singh entered the United States from Montreal through New York without inspection. (*Id.* at ¶ 10.) DHS did not detain or apprehend him at the border. (*Id.*) A week later, Singh filed a Form I-589 application for asylum. (*Id.* at ¶ 11.)

Singh has lived in California since entering the United States and he holds a Class A commercial driver license. (*Id.* at ¶ 12.) On September 16, 2026, Wyoming Highway Patrol stopped Singh, checked his immigration status, and turned him over to ICE. (*Id.* at ¶ 13.) ICE detained him without a warrant "and no immigration officer made any determination that [Singh] was likely to escape before a warrant could be obtained." (*Id.*) That same day, ICE issued him a Notice to Appear and placed him in removal proceedings. (*Id.* at ¶ 14.) Singh remains detained at the DCDF. (*Id.* at ¶ 15.) Since being detained, Singh has never "been afforded an individualized custody determination by a neutral decisionmaker" and "Respondents have not identified, and cannot identify, any individualized assessment of Petitioner's danger to the community or risk of flight that would justify his continued custody." (*Id.* at ¶ 17.)

## II. LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004.) More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such cases." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in

violation of the Constitution or laws . . . of the United States")). "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.' " *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

## III. ANALYSIS

Singh challenges the legality of his detention as violating (1) the Immigration and Nationality Act ("INA") (Count I), (2) the Due Process Clause of the Fifth Amendment (Count II), (3) the Administrative Procedure Act (Count III), (4) the equal protection guarantee of the Fifth Amendment (Count IV), and (5) the Suspension Clause of the Constitution pursuant to U.S. Const. art. I § 9, cl. 2 (Count V).

The Court need only reach the merits of Count I to resolve this matter. *See United States v. Hardman*, 297 F.3d 1116, 1124 (10th Cir. 2002) ("[I]t is well-settled that federal courts should avoid deciding constitutional issues when statutory issues are dispositive.").

### A. INA Violation

Singh claims that Respondents' invocation of § 1225 is unlawful because he already lived in the United States for over two years when ICE detained him. (ECF No. 1 at ¶ 56.) Respondents responded without addressing this claim, instead declining to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." (ECF No. 7 at 1–2.) In any case, the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) leaves little to debate. Singh is correct.

In *Santillan Quiroz*, the Tenth Circuit considered "whether § 1225(b)(2)(A) or § 1226(a) applie[d]" to a § 2241 petitioner who entered the United States "[t]wo decades ago" and had "lived here ever since." *Id.* at 1235, 1233. Ultimately, it held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually[1] subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. The Tenth Circuit based its holding in significant part on its interpretation of the phrase "seeking admission," as it is used in § 1225(b)(2)(A). *Id.* at 1237–40. It reasoned: "A person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* at 1239. Thus, "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.* By extension, "§ 1225(b)(2)(A) is likewise limited to the border." *Id.*

The material facts here are indistinguishable from those summarized in *Santillan Quiroz*. Like the § 2241 petitioner in that case, Singh had already entered the United States over two years before being detained. Accordingly, § 1226(a)—not § 1225(b)(2)(A)—applies to Singh.

Given that § 1226(a) applies to Singh, the Court agrees with Singh that his warrantless arrest and detention violates § 1226(a). (*See* ECF No. 1 at ¶ 57.) "§ 1226(a) authorizes arrest and detention only '[o]n a warrant issued by the Attorney General.' " *Limon Soto v. Valdez*, 2026 WL 2664193, at *2 (D. Colo. Sept. 10, 2026) (quoting 8 U.S.C. § 1226(a)). Thus, "[i]ssuance of a warrant is a necessary condition to

---

[1] The Tenth Circuit's holding is qualified only by the fact that "[s]ome noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A)." *Id.* at 1237 n.6. But, as in *Santillan Quiroz,* "[t]here is no argument here that § 1225(b)(1)(A) applies to [Singh]." *Id.*

justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) (emphasis in original); *see Limon Soto*, 2026 WL 2664193, at *2 (same).

Respondents' failure to obtain an administrative warrant before detaining Singh violates the INA. Indeed, Respondents do not point to the existence of any administrative warrant and do not even attempt to justify the warrantless arrest.

Therefore, the Court concludes that 8 U.S.C. § 1226(a) applies to Singh and his warrantless arrest violates § 1226(a).

**B. Remedy**

The Government declined to substantively address Singh's claims. (ECF No. 7 at 1–2.) It even concedes that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." (*Id.* at 2 (emphasis in original).) Singh requests immediate release and in the alternative, requests a constitutionally adequate bond hearing. (ECF No. 1 at ¶ 61.)

In the Court's view, a bond hearing will not serve as adequate relief. This Court has already written of its "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4–*5 (D. Colo. Apr. 22, 2026) (concluding "the IJ deprived [petitioner] of his due process rights" by issuing a bond decision that was "wholly bereft of any analysis whatsoever"). Indeed, courts across the country have, with increasing frequency, ceased "order[ing] even initial bond

hearings in cases like this one involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, . . . and doing so would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications." *Zheng v. Rokosky,* 826 F. Supp. 3d 545, 563 (D.N.J. 2026) (collecting cases).

Given this reality, the Court will order Singh's immediate release.

## IV. CONCLUSION

For all these reasons, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 4) is MADE ABSOLUTE and Singh's Petition (ECF No. 1) is GRANTED;

2. The Court GRANTS this relief to Singh pursuant to Count I of the Petition. The Court does not reach the merits of the Counts II through V;

3. **By no later than tomorrow, November 14, 2026,** Respondents shall IMMEDIATELY RELEASE Singh on his own recognizance, along with all his personal belongings, and they shall facilitate Singh's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

4. **No onerous conditions of release shall be imposed on Singh by Respondents**, including without limitation mandating that he wear GPS monitoring, submit to mandatory reporting, or have his movements otherwise restricted;

5. Respondents are ENJOINED from re-arresting or re-detaining Singh unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing,

Respondents shall bear the burden of proof, and Singh shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

6. During such periods of time as Singh is in Respondents' custody they shall continue to be ENJOINED from removing, transferring, or causing the removal or transfer of, Singh from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

7. Should Singh believe he has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, he is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **December 9, 2026**. Respondents shall file a response by no later than **December 30, 2026**, and Singh shall file a reply by no later than **January 13, 2027**; and

8. Judgment shall enter in Singh's favor and against Respondents on **November 25, 2026,** UNLESS prior thereto the Court is informed that Respondents have failed to fully and timely comply with the terms of this Order.

Dated this 13th day of November, 2026.

BY THE COURT:

William J. Martinez
Senior United States District Judge